Mustafaj v City of New York (2026 NY Slip Op 00058)

Mustafaj v City of New York

2026 NY Slip Op 00058

Decided on January 08, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 08, 2026

Before: Moulton, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 800323/22E|Appeal No. 5530-5531|Case No. 2025-03881 2025-03885|

[*1]Ismajl Mustafaj, Plaintiff-Appellant,
vThe City of New York et al., Defendants-Respondents.

Morgan Levine Dolan, P.C., New York (Glenn P. Dolan of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola (Kiel M. Doran of counsel), for The City of New York and Department Transportation of the City of New York, respondents.
Molod Spitz & Desantis, P.C., New York (Dennis J. Monaco of counsel), for Themel Holdings, LLC, respondent.
Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for Village Cleaning and Equipment, LLC, respondent.

Judgment, Supreme Court, Bronx County (Andrew J. Cohen, J.), entered on or about May 23, 2025, to the extent appealed from as limited by the briefs, granting the motion of The City of New York and Department of Transportation of the City of New York (together, the City) for summary judgment dismissing the complaint and all cross-claims as against them, and bringing up for review an order, same court and Justice, entered on or about May 2, 2025, which denied plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim and his Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-2.1(a)(2), and granted the City's motion under CPLR 3211 and 3212 to dismiss the complaint and all cross-claims against it, unanimously modified, on the law, to vacate the judgment to the extent it dismissed the Labor Law § 240(1) claim as against the City, deny the City's motion to dismiss that claim, grant plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim as against defendants Themel Holdings, LLC and Village Cleaning and Equipment, LLC, and otherwise affirmed, without costs.
Plaintiff, a plumber, alleges that he was injured while he was working as part of a team excavating and doing plumbing work in a trench at a construction project at a building in the Bronx, connecting water service from the street to the building. According to plaintiff, as he was bent over in a six-foot-deep excavation inspecting a tunnel near the bottom, a 400-pound pipe fell and struck his back. The City owned the roadway and the sidewalk where the excavations were dug; Themel owned the building; and Village Cleaning, which hired plaintiff's nonparty employer to perform the excavation and plumbing, leased a portion of the building from Themel.
Supreme Court should have denied the City's motion for summary judgment dismissing the complaint, as it failed to establish prima facie that it was not liable for plaintiff's injury. The record presents issues of fact as to its ownership of the property where the construction work was performed and the issuance of a permit to perform the work were sufficient to create a nexus between plaintiff and the City so as to support liability under Labor Law § 240(1) (see Morton v State of New York, 15 NY3d 50, 56 [2010]). The City provides no affirmative evidence, such as testimony from someone with personal knowledge, showing that it did not issue a permit for the work being performed (see Powell v City of New York, 218 AD3d 1, 3-4 [1st Dept 2023]). On the contrary, the evidence suggests that the City issued or should have issued the appropriate permits (see id.; see also 34 RCNY 2-02, 2-11).
Supreme Court should have granted plaintiff's motion to the extent it sought summary judgment on liability on his Labor Law § 240(1) claim as against Themel and Village Cleaning. The evidence showed that the pipe fell and struck him when his coworkers accidently dropped it, and the height differential of six feet was not de minimis given the weight of the pipe and the force it could generate even over a relatively short distance (see Villanueva v 114 Fifth Ave. Assoc. LLC, 162 AD3d 404, 405 [1st Dept 2018]). This evidence is sufficient to establish liability against Themel and Village Cleaning (see Salcedo v Sustainable Energy Options, LLC, 190 AD3d 439, 439 [1st Dept 2021]). Contrary to defendants' arguments, plaintiff's testimony was sufficiently clear to sustain his burden as plaintiff was not required to show the exact circumstances under which the pipe fell to establish liability under Labor Law § 240(1) (see id.). To the extent that defendants rely on one of plaintiff's medical records to demonstrate that he was hit with a "small pipe," the medical record was unsworn and uncertified (see Ramirez v Elias-Tejada, 168 AD3d 401, 405 [1st Dept 2019]).
We do not consider plaintiff's alternative version of the accident — that the pipe rolled off the edge of the trench — because it was based on inadmissible evidence. Although plaintiff submitted an affidavit from one of his coworkers describing the accident, the coworker did not state whether he personally witnessed it (see Gogos v Modell's Sporting Goods, Inc., 87 AD3d 248, 254 [1st Dept 2011]). In addition, the testimony from Themel's property manager describing the accident was based solely on inadmissible hearsay.
Because plaintiff has demonstrated his entitlement to partial summary judgment on his Labor Law § 240(1) claim as against Themel and Village Cleaning, the Labor Law § 241(6) claim predicated on Industrial Code § 23-2.1(a)(2) is academic as against those defendants (see Malan v FSJ Realty Group II LLC, 213 AD3d 541, 542 [1st Dept 2023]). We affirm the dismissal of that claim as against the City on the alternative ground that Industrial Code § 23-21(a)(2) "does not apply to material and equipment that is not being stored" (Buckley v Columbia Grammar & Preparatory, 44 AD3d 263, 272 [1st Dept 2007]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 8, 2026